WILLIAM J. SMITH, Admr., *vs.* H. F. KENYON & CO.

FEBRUARY 3, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Master and Servant. Assumed Risks.*

While the elements which combined to render a derrick of faulty construction and inadequate equipment were visible, the court can not impute to an ordinary workman sufficient knowledge and appreciation of the capabilities of the structure, and its liability to cause damage to persons engaged in its use, to hold that he assumed the risk.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant, and overruled.

PER CURIAM. The derrick which fell, and by its fall inflicted fatal injuries upon the plaintiff's intestate, appears by the evidence to have been of faulty construction and inadequate equipment.

The only exception which the defendant relies upon is to the refusal of the Superior Court to direct a verdict for the defendant. In order to sustain this exception we would be obliged to find as matter of law that the defects which occasioned the fall of the derrick must have been obvious to an ordinary journeyman carpenter, and so assumed by him among the risks of his occupation. While the lateral immobility and the excessive length of the arm, the circumscribed area of the foundation, the dependence upon a single guy rope, and all the physical features of the derrick were visible, it is not clear that we ought to impute to an ordinary workman sufficient knowledge and appreciation of the capabilities of the structure and its liability to upset and cause serious damage to persons engaged in its use to enable us to say that he assumed the risk

of the accident which happened to him.    See *Pilling* v. *Narragansett Machine Co.*, 19 R. I. 666.

The defendant's exceptions are overruled, and the cause is remitted to the Superior Court for judgment on the verdict.

*Frank L. Hanley and Waterman, Curran & Hunt*, for plaintiff.
*Vincent, Boss & Barnefield*, for defendant.